**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHERYL COLLETTE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-2409** |
| **FEDNAT INSURANCE CO.** | **SECTION: "G"(1)** |

## ORDER

This litigation arises from an insurance coverage dispute related to Hurricane Ida. The Court has received notice that Defendant FedNat Insurance Co. has been placed into liquidation.[1] The Fifth Circuit has recognized that "insolvent insurers are subject to the comprehensive oversight of state administrative agencies and courts" and "[f]ederal law consigns to the states the primary responsibility for regulating the insurance industry."[2] Accordingly, the Fifth Circuit has held that "allowing a creditor or claimant to proceed against an insolvent insurer in federal court while a state insolvency proceeding is pending would usurp [the state's] control over the liquidation proceeding by allowing [the claimant] to preempt others in the distribution of [the insurance company's] assets."[3] Such a statutory scheme exists in Louisiana. Under Louisiana law, "[a]ll proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months."[4] Thus, this Court has authority under Louisiana

---

[1] *See* Case No. 22-2055, Rec. Doc. 16.

[2] *Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997) (citing the McCarran–Ferguson Act).

[3] *Id.* (internal citation and quotation omitted).

[4] La. Rev. Stat. § 22:2068(A).

1

law to stay this matter for six months *sua sponte* due to Defendant's insolvency.

In light of Louisiana's comprehensive statutory scheme for regulating insolvent insurers and Fifth Circuit precedent admonishing courts to avoid interfering with state administrative processes involving insolvent insurers, the Court exercises its discretion to stay the claims pending against Defendant for a period of six months.[5]

**IT IS HEREBY ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED** for a period of six months. The case shall be reopened upon a motion of a party at the conclusion of the six-month period.

**NEW ORLEANS, LOUISIANA**, this 11th day of October, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

2